WOOD v. FURTICK.

(City Court of New York, General Term.   March 16, 1896.)

ATTACHMENT—OF DEBT.
   A debt payable out of the state from a nonresident to a nonresident cannot be attached within the state.

Appeal from special term.

Action by George R. Wood against Irving Furtick, a nonresident. From an order made on the motion of Lawrence Godkin, appearing as attorney for defendant and his assignee for the benefit of creditors, vacating levies of attachment on claims for insurance money against certain foreign insurance companies for losses sustained by the burning of defendant's property in South Carolina, plaintiff appeals.   Affirmed.

The opinion of Justice Stover, rendered in another similar case between the same parties in the supreme court, is as follows:

The attempted levy upon the debt due from the insurance company was ineffectual to create a lien upon the debt by virtue of the attachment, the creditor (the insurance company) and the debtor being nonresident, and the debt not payable within the jurisdiction.   Douglass v. Insurance Co., 138 N. Y. 209, 33 N. E. 938.   The assignee is entitled to have the attempted levy set aside in order to relieve his property from the cloud and embarrassment created by it.   Plimpton v. Bigelow, 93 N. Y. 592.

Argued before FITZSIMONS and O'DWYER, JJ.

Baggott & Ryall, for appellant.
Lawrence Godkin, for respondent.

PER CURIAM.   For the reasons assigned by Justice Stover, the special term justice was right in vacating the levies under the warrant of attachment granted herein, and this order must be affirmed, with costs.

---

(25 Civ. Proc. R. 301; 16 Misc. Rep. 667.)

In re LICHTENSTEIN'S ESTATE.

(Surrogate's Court, New York County.   January, 1896.)

1. EXECUTORS AND ADMINISTRATORS—SALE OF LAND TO PAY DEBTS.
   Leave to sell land of a decedent for payment of debts will not be granted without proof of the facts required to be shown by the statute (Code Civ. Proc. § 2759), though the application is not resisted by the devisee.

2. SAME—SHOWING AMOUNT OF PERSONALTY.
   Where a petition by a creditor for the sale of decedent's land to pay debts states that all decedent's property had been applied to the payment of the funeral expenses, and the excess thereof, if any, was paid over to her children and the legatees under her will, a reference will be ordered to show the amount of personalty which came into the executor's hands in order to determine whether there was anything which could have been applied to the payment of debts.

Application for the sale of real estate of Johanna Lichtenstein for the payment of her debts.

Steinhardt & Goldman, for petitioner.
Rose & Putzel, for the executors.